```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------x

JOSEPH BREFO-SARPONG,

                Petitioner,                 MEMORANDUM & ORDER
                                            19-CV-6053 (EK)(LB)
        - against -                         20-CV-4560 (EK)(LB)

SUPERINTENDENT WOLCOTT, Orleans
Correctional Facility,

                Respondent.

---------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Petitioner Joseph Brefo-Sarpong filed an initial petition for a writ of habeas corpus in October 2019. I dismissed that petition because of Petitioner's failure to exhaust his claims in state court. Order, No. 19-CV-6053 (Aug. 7, 2020), ECF No. 14 (the "August 7 Order"). Petitioner has now submitted two additional applications: (1) a motion to vacate the August 7 Order, on the basis that the Respondent violated a court order to file the underlying record; and (2) a new habeas petition, docketed under case number 20-CV-4560, which brings largely the same claims as the prior petition. Petitioner is proceeding *pro se* and is currently incarcerated at the Orleans Correctional Facility. As set forth below, Petitioner's motion to vacate is denied. Because the petition suggests (somewhat indirectly) that the state remedies available to Petitioner may

1

now have been exhausted, Respondent is directed to respond to the new petition.

## I. Procedural History

In 2018, Petitioner pleaded guilty in Richmond County Supreme Court to one count of "operating as a major drug trafficker," in violation of N.Y. Penal Law § 220.77.  Later that year, Petitioner moved to vacate the conviction under N.Y. Criminal Procedure Law § 440.10; the state Supreme Court denied that motion in part on procedural grounds, finding that the claims raised should have instead been brought in a direct appeal.  Thereafter, Petitioner filed a notice of appeal with the Appellate Division, Second Department.  Petitioner also claims that after initiating his direct appeal, he sent a letter on July 26, 2019 to the Clerk's Office of the Second Department seeking to "consolidate" the 440.10 proceeding with the appeal.  As described below, however, it does not appear that the Clerk's Office received the July 26th letter or that Petitioner pursued the direct appeal further.

In October 2019, Petitioner filed his first habeas petition in this Court, pursuant to 28 U.S.C. § 2254.  *See* Petition, No. 19-CV-6053 (Oct. 25, 2019), ECF No. 1.  That case was initially assigned to the Honorable Margo K. Brodie. Petitioner alleged that the state court lacked jurisdiction to

hear the underlying criminal case; that his guilty plea was not knowing and voluntary because the trial court judge failed to advise him of the possibility of post-release supervision; that he received ineffective assistance of trial counsel; and that the New York statute to which he pleaded guilty is void for vagueness. Upon receipt of the petition, Judge Brodie issued a standard order directing Respondent to "submit the transcript of the trial to this Court at the time of filing the opposition papers" and "in every case, without exception, submit copies of petitioner's and the District Attorney's briefs on appeal or in connection with proceedings pursuant to C.P.L. 440 at the time of filing the opposition papers." The case was transferred to me thereafter, on January 28, 2020.

Respondent moved to dismiss the petition on the basis that all of Petitioner's claims were unexhausted. In support, Respondent submitted a declaration by Assistant District Attorney Thomas B. Litsky. Mr. Litsky averred that he had been informed by the Second Department Clerk's Office that Petitioner never perfected his direct appeal but that the appeal nevertheless remained pending, having not yet been dismissed by the state appeals court. The Clerk's Office also informed Litsky that they had no record of receiving or docketing Petitioner's July 26, 2019 letter motion, nor did they "have any

3

motion seeking leave to appeal the order denying relief under Criminal Procedure Law § 440.10." Litsky Decl. ¶ 10, No. 19-CV-6053 (Feb. 24, 2020), ECF No. 9.

Respondent did not file the state-court record with its motion to dismiss. Instead, Respondent requested additional time to submit a response to the petition in the event the Court denied the dismissal motion. Petitioner subsequently filed a motion to compel production of the state-court record.

I granted Respondent's motion to dismiss — without prejudice — on August 7, 2020, due to Petitioner's failure to exhaust his claims. The Court noted that dismissal did not put Petitioner at risk of violating the one-year limitations period imposed on habeas petitions by 28 U.S.C. § 2244(d), because there was no indication a "final" judgment had been entered in Petitioner's state case. *See Campos v. Smith*, No. 15-CV-6580, 2017 WL 1025850, at *3 (E.D.N.Y. Mar. 15, 2017) ("[E]ven if petitioner does not perfect his direct appeal, petitioner's judgment will only be considered final thirty days after the Appellate Division dismisses the appeal as abandoned and if petitioner does not seek leave to appeal to the New York Court of Appeals."). I then denied Petitioner's motion to compel production of the underlying record as moot.

4

Petitioner's motion to vacate the August 7 Order contends that the judgment is "void" because the Respondent "fail[ed] to electronically file the[] answer" and "den[ied] the Petitioner the requested record." He asks the Court to "re-open" the case "or to convert this Petition for one under Section 2241(a)(c)(3)." And he claims that Respondent erred because "Petitioner [did] not receive any electronic notice" of the documents filed in that case. Finally, he contends that he should be "deemed" to have exhausted his state remedies because "[t]he state proceeding was not effective" — he writes that he "attempted to exhaust, however the State Court corrective measures fail[ed]." Petitioner's Motion, No. 19-CV-6053 (Sept. 16, 2020), ECF No. 16.

A week later, Petitioner filed the second petition for a writ of habeas corpus, "under 28 U.S.C. § 2241(c)(3) in tandem with 28 U.S.C. § 2254." Petition, No. 20-CV-4560 (Sept. 24, 2020), ECF No. 1. The new petition challenges the same 2018 conviction on similar grounds as in his prior Section 2254 petition. He also alleges that he was "deprive[d] of the right to appeal the CPL 440.10 Motion" and that in the original Section 2254 action, Respondent disobeyed Judge Brodie's order by "fail[ing] to properly file an answer."

5

**II. Discussion**

A.  <u>Motion to Vacate and Reopen Case No. 20-CV-6053</u>

Petitioner alleges that the Court should vacate its August 7 Order under Federal Rule of Civil Procedure 60(b). In particular, he claims that the judgment is "void" under Rule 60(b)(4) because "the Court issued a Standing Order for the respondent to file an answer" and the Respondent "fail[ed] to electronically file [their] answer" and "the requested record." Petitioner's Motion at 2-3.

Rule 60(b)(4) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" if "the judgment is void." In a habeas proceeding, a petitioner may invoke Rule 60(b) to challenge a "defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). A habeas judgment is void under Rule 60(b)(4) "in the 'rare instance' in which a due process violation infects the habeas proceedings." *Claudio v. Portuondo*, No. 01-CV-5180, 2014 WL 1347185, at *5 (E.D.N.Y. Mar. 31, 2014) (citing *Graves v. Phillips*, 531 F. App'x 27, 29 (2d Cir. 2013)).

The Rules Governing Section 2254 Cases in the United States District Courts (the "Section 2254 Rules") guide the Court's consideration of a habeas petition. Rule 4 provides

6

that if the petition is not initially dismissed because "it plainly appears . . . that the petitioner is not entitled to relief," then "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  Under Rule 5(c), the obligation to provide certain transcripts, briefs and opinions applies to an "answer," which also "must address the allegations in the petition."  Here, Judge Brodie issued an Order to Show Cause stating that "respondent shall submit the transcript of the trial to this Court at the time of filing the opposition papers" and "shall in every case, without exception, submit copies of petitioner's and the District Attorney's briefs on appeal or in connection with proceedings pursuant to C.P.L. 440 at the time of filing the opposition papers."  Order to Show Cause, ECF No. 5.

Instead of an answer, Respondent filed a motion to dismiss the petition on exhaustion grounds.  The motion stated that if the Court were to deny the motion to dismiss, Respondent would "submit a response to the petition."  Although Respondent did not also file the state-court record, the record permitted an adequate evaluation of Petitioner's effort to exhaust his claims.  The petition had attached: Petitioner's motion to vacate the conviction pursuant to Section 440.10; the New York

7

Supreme Court's decision denying that Section 440.10 motion; Petitioner's motion for an extension of time to directly appeal the 2018 judgment; and the Second Department's order deeming Petitioner's moving papers to be a timely notice of direct appeal.  Also, in his Declaration, ADA Litsky averred that the Clerk's Office at the Second Department informed him that Petitioner never perfected his direct appeal and it remained pending, and that the Clerk's Office did not have any record of Petitioner appealing the Section 440.10 judgment.

Based on this record, the Court dismissed the petition without prejudice and before the statute of limitations began to run.  Because the dismissal was for failure to exhaust, it would not render a future petition second or successive.

Considering these facts, Respondent's failure to produce the state-court record does not approach the threshold for the relief that Petitioner seeks — namely that the violation "was so extreme that it violated his due process rights." *Sanders v. Walsh*, No. 04-CV-4013, 2014 WL 1514353, at *4 (E.D.N.Y. Apr. 16, 2014) (respondent's "technical violations" of Rule 5 of the Section 2254 Rules and the Court's Order to produce trial transcripts did not warrant relief under Rule 60(b)); *see also Claudio*, 2014 WL 1347185, at *6 ("[D]espite our two orders and the requirements of Rule 5, the worst that can be

8

said is that Respondent should have first sought leave of court before filing its motion to dismiss in lieu of an answer conforming with the rules.").[1]

Finally, Petitioner alleges that the judgment is void because he "made an attempt to appeal by direct review" and that "[t]he state proceeding was not effective, and thereby [should be] deemed exhausted." However, as described above, the record reflected that Petitioner failed to perfect his direct appeal, and that it remained pending in the Appellate Division at the time he filed his initial habeas petition.

B.  Habeas Petition in Case No. 20-CV-4560

On September 24, 2020, Petitioner filed a petition for a writ of habeas corpus "under 28 U.S.C. § 2241 in tandem with 28 U.S.C. § 2254." The Second Circuit requires that state prisoners invoke Section 2254, not Section 2241, to collaterally challenge their convictions. *Cook v. New York State Div. of Parole*, 321 F.3d 274, 277 (2d Cir. 2003). The Court construes this petition as brought pursuant to Section 2254 because Petitioner seeks to challenge his 2018 conviction on the ground

---

[1]  Petitioner also alleges Respondent did not electronically file its submissions. However, the docket reflects that Respondent did indeed file all documents on the Electronic Case Filing system. Because Petitioner is incarcerated, he receives copies of docket filings by mail.

that he is in custody in violation of the Constitution. Petitioner raises many of the same claims as in his prior petition, including that that state court lacked jurisdiction over his case, his guilty plea was not knowing and voluntary, and N.Y. Penal Law § 220.77 is void for vagueness. Regarding the exhaustion of his claims, Petitioner adds the allegation that he was "deprive[d] of the right to appeal."

The new petition can conceivably be read to indicate that Petitioner's direct appeal has now been dismissed. *See* Petition at 3 (stating that the "state court is not effective" and his claims should be "deemed exhausted"); Petitioner's Motion in Support of the Petition at 8, ECF No. 1-2 (alleging Petitioner was "deprive[d] of the right to appeal"). Given this possibility, the Court ORDERS Respondent to file a complete answer or other pleading in response to the petition on or before February 26, 2020. The submission should indicate whether Petitioner's direct appeal remains pending. If it has been dismissed, Respondent should address whether Petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. 2254(b)," such that the claims should be "deemed exhausted." *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991).

10

### III. Conclusion

Petitioner's motion to vacate in Case No. 20-CV-6053 is denied. Respondent is directed to respond to the new petition in Case No. 20-CV-4560 by February 26, 2021, as set forth above. No reply is required; however, should Petitioner choose to reply, Petitioner shall file any reply to Respondent's responsive pleading on or before March 19, 2021.

The Clerk of Court shall electronically serve copies of this Order and the petition upon the Attorney General of the State of New York and the District Attorney for Kings County. Respondent shall serve a copy of this Order upon Petitioner, and file proof of service with the Clerk of Court, on or before January 11, 2021.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2). In the event that Petitioner elects to proceed *in forma pauperis* on appeal from this Order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any such appeal would not be taken

11

in good faith and therefore denies *in forma pauperis* status.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                /s Eric Komitee
                                                ERIC KOMITEE
                                                United States District Judge

Dated:    Brooklyn, New York
           December 30, 2020