```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------x

JOSEPH BREFO-SARPONG,

                Petitioner,                    MEMORANDUM & ORDER
                                               20-CV-4560(EK)(LB)
        - against -

SUPERINTENDENT WALCOTT, Orleans
Correctional Facility,

                Respondent.

---------------------------------x
```

ERIC KOMITEE, United States District Judge:

      Petitioner Joseph Brefo-Sarpong's petition for a writ of habeas corpus is currently pending before this Court. Respondent now moves to dismiss that petition for failure to exhaust state-court remedies. For the reasons set forth below, that motion is GRANTED.

## I. Procedural History

      In October 2019, Brefo-Sarpong petitioned this Court for a writ of habeas corpus. He sought relief from a 2016 conviction in Richmond County Supreme Court for operating as a major trafficker in violation of N.Y. Penal Law § 220.77(2). In August 2020, I dismissed that petition without prejudice for failure to exhaust state remedies, because Petitioner's direct appeal of his conviction was still pending. Petitioner moved to vacate that Order, contending that Respondent did not produce

the state-court record before moving to dismiss despite this Court's order to do so.  Mr. Brefo-Sarpong also filed a second habeas petition on substantially the same grounds as the first.  In December 2020, I denied Petitioner's motion to vacate and directed Respondent to respond to the second habeas petition.[1]  Familiarity with the Court's prior orders is assumed.

Respondent now moves to dismiss the second petition on the ground that Petitioner's direct appeal is still pending (in the Appellate Division's Second Judicial Department).  Respondent advises that the direct appeal has not yet been dismissed for "failure to perfect."  Respondent's Brief at 3, ECF No. 6-2, Case No. 20-CV-4560.

Petitioner must exhaust all available state remedies before a federal court can consider his habeas application.  28 U.S.C. § 2254(b)(1)(A); *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014).  Because Petitioner never perfected his direct appeal, and it has not yet been dismissed, state remedies remain available to Petitioner.  *E.g.*, *Watson v. Bezio*, No. 11-cv-3591, 2012 WL 2389753, at *3 (S.D.N.Y. June 25, 2012).

Dismissal should not put Petitioner at risk of violating the one-year limitations period imposed on habeas

---

[1] Petitioner filed a third habeas petition on May 24, 2021, which will be dismissed by separate Order for failure to pay the filing fee or submit an *in forma pauperis* application.

2

petitions by 28 U.S.C. § 2244(d), because there is no indication that a "final" judgment has been entered in Petitioner's state case. *See Campos v. Smith*, No. 15-CV-6580, 2017 WL 1025850, at *3 (E.D.N.Y. Mar. 15, 2017) ("[E]ven if petitioner does not perfect his direct appeal, petitioner's judgment will only be considered final thirty days after the Appellate Division dismisses the appeal as abandoned and if petitioner does not seek leave to appeal to the New York Court of Appeals."). Dismissal for failure to exhaust will also not render a future petition second or successive. *See Murray v. Greiner*, 394 F.3d 78, 80-81 (2d Cir. 2005).

Petitioner's petition for a writ of habeas corpus is therefore denied.  **It is further ordered that in filing any future petition for a writ of habeas corpus, Petitioner must submit documentation showing the status of his direct appeal**.

Given that Petitioner's direct appeal has been pending for at least twenty-eight months without apparent action, I respectfully request that Respondent make a reasonable effort to ensure that Petitioner's appeal moves forward.  Respondent should communicate with the Clerk's Office of the Appellate Division, Second Judicial Department regarding whether the court will dismiss Petitioner's direct appeal for failure to perfect, or take other action.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c)(2).  In the event that Petitioner elects to proceed *in forma pauperis* on appeal from this Order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any such appeal would not be taken in good faith and therefore denies *in forma pauperis* status.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED

/s Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   August 20, 2021
         Brooklyn, New York