```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 JOSEPH BREFO-SARPONG,

                     Petitioner,            MEMORANDUM & ORDER
                                             20-CV-4560(EK)(LB)

            -against-

 SUPERINTENDENT WALCOTT, Orleans
 Correctional Facility,

                     Respondent.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

   Petitioner Joseph Brefo-Sarpong, proceeding *pro se*, moves to vacate this Court's order dismissing his second petition for a writ of habeas corpus.  *See* Motion, ECF No. 18. Because Petitioner filed the motion within twenty-eight days of the entry of judgment, I construe it as a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure.  For the reasons set forth below, Petitioner's motion is DENIED.

## I. Background

   In October 2019, Brefo-Sarpong filed a petition for a writ of habeas corpus.  He challenged his 2018 conviction in Richmond County Supreme Court for "operating as a major drug trafficker" in violation of N.Y. Penal Law § 220.77(2).  In August 2020, I dismissed that petition without prejudice for

failure to exhaust state remedies. *See Brefo-Sarpong v. Walcott*, No. 19-CV-6053 (E.D.N.Y. Aug. 7, 2020), ECF No. 14. Brefo-Sarpong moved to vacate that order, arguing that the judgment was "void" because Respondent "fail[ed] to electronically file [an] answer" and "the requested record"; Respondent did not give notice of its motion to dismiss; and exhaustion would be futile because "state corrective measures fail[]." *Brefo-Sarpong*, No. 19-CV-6053, ECF No. 16, at 1-3. He also filed a second habeas petition (under this docket number) on substantially the same grounds as the first petition. ECF No. 1. In December 2020, I denied Petitioner's motion to vacate, explaining that Respondent had filed a motion to dismiss *instead* of an answer, and the state record was not necessary to evaluate Petitioner's effort to exhaust. ECF No. 4, at 7-8. I also directed Respondent to respond to his second petition. *Id.*

Respondent moved to dismiss the second petition on the ground that Petitioner's direct appeal was still pending in the Appellate Division, Second Department. ECF No. 6. In August 2021, I granted Respondent's motion and denied Brefo-Sarpong's second habeas petition for failure to exhaust because his direct appeal was still pending. *See* Order Dismissing Second Petition, ECF No. 15, at 2-3. Petitioner now seeks reconsideration of that order. He again argues that Respondent did not file certain documents, including the state record, and did not seek

2

leave to move to dismiss; and that exhaustion would be futile. *Id.* at 1, 4-5, 7. Familiarity with the Court's prior orders is assumed.[1]

## II. Discussion

As explained in the Court's previous orders, Brefo-Sarpong's petition for a writ of habeas corpus is premature because he has not exhausted his available state remedies. *See* 28 U.S.C. § 2254(b) and (c); *Woodford v. Ngo*, 548 U.S. 81 (2006) ("A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process.").[2]

The standard for granting a motion for reconsideration is "strict, and reconsideration generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd.*,

---

[1] *See Brefo-Sarpong v. Walcott*, No. 19-CV-6053, ECF Nos. 14, 17 (orders denying first habeas petition); ECF No. 15 (order dismissing second habeas petition); ECF No. 4 (order denying Petitioner's motion to vacate).

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.").

Brefo-Sarpong has not met that standard here. He points to no decision or fact that the Court overlooked. Rather, he merely repeats the arguments he previously made in his motion to vacate his first habeas Petition. Because Petitioner has not met the high standard for reconsideration, his motion is DENIED.

### III. Conclusion

For these reasons, Petitioner's motion to reconsider is DENIED. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253 (c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Petitioner is reminded of the Court's directive in the order dismissing his second petition: "It is further ordered that in filing any future petition for a writ of habeas corpus, Petitioner must submit documentation showing the status of his direct appeal." ECF No. 20.

The Clerk of Court is respectfully directed to mail a copy of this order to Petitioner at his address of record and note the mailing on the docket.

SO ORDERED.

                                                 /s/ Eric Komitee
                                                ERIC KOMITEE
                                                United States District Judge

Dated:    April 18, 2022
            Brooklyn, New York